NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. WILLIAMSON,<br><br>    Plaintiff,<br><br>v.<br><br>OSCAR VILES,<br><br>    Defendant. | Civil Action<br>No. 22cv4581 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Robert Williamson, a pretrial detainee detained in the Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, seeks to file this Complaint against HCCF Director Oscar Viles under 42 U.S.C. § 1983. D.E. 1. At this time, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons below, the Court will dismiss the Complaint without prejudice.

I.  BACKGROUND

Plaintiff entered the HCCF on February 3, 2022 and tested positive for COVID-19 in March 2022 "after my Bunkie was diagnosed with it. Even though I asked for him to be moved or myself but my plea for help went unanswered." D.E. 1 at 5. *See also* D.E. 3 at 1. He describes the living conditions as "tight" and alleges "that the CDC's 6 foot mandate was in no way ever put into practice." D.E. 3 at 2. "I knew I had become infected because of the severe flu like symptoms

I was experiencing, coupled with a terrible feeling of almost always being out of breath." *Id.* He alleges that he "asked to be seen by the medical department several times" but he "was always given an excuse or [placated]." *Id.* "[] I believe that had my plea's [sic] been heard I may not have contracted the virus, and I may not have had to go through the worst sickness of my life." *Id.* at 3.

## II.     STANDARD OF REVIEW

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the Plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**III.   ANALYSIS**

Plaintiff seeks relief from Viles because he "was exposed to COVID and contracted COVID due to the lack of safety procedure and neglect from the staff at Hudson County Jail." D.E. 1 at 4.  Claims by pretrial detainees for failing to provide adequate medical care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under the standard used to evaluate similar claims brought under the Eighth Amendment[.]"  *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  The Court will therefore review Plaintiff's claims under the same standard used to evaluate similar claims brought under the Eighth Amendment. *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019).[1]

To state an Eighth Amendment Claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (alteration in original)). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it's so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003)).  Based on Plaintiff's claim that he contracted COVID-19, the Court will presume that Plaintiff has alleged a serious medical need for screening purposes only.

The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays

---

[1] The Supreme Court has applied an "objectively unreasonable" standard to analyze an excessive force claim under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). However, the Third Circuit has declined to address whether the "objectively unreasonable" standard applies to a deliberate indifference to medical need analysis. *Moore*, 767 F. App'x at 340 n.2.

3

necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse*, 182 F.3d at 197). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original). A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Id.*

Plaintiff names Viles as a defendant because he failed to prevent Plaintiff's exposure to COVID-19. "Exposure alone does not establish a constitutional violation . . . ." *Graham v. Aviles*, No. 22-5760, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022) . "Deliberate indifference requires significantly more than negligence." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329, 2020 WL 5001785 (3d Cir. 2020). To state this claim, Plaintiff must provide facts that indicate defendant knew of and disregarded an excessive risk to his health and safety. *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). *See also Jones v. Ellis, et al.*, No. 21-13625, 2021 WL 5015921, at *3 (D.N.J. Oct. 28, 2021) ("[A] detainee asserting deliberate indifference based on exposure to COVID-19 must still establish that the Defendant had the requisite mental state, which is akin to recklessness."). Plaintiff has not alleged such facts in his Complaint.

To the extent Plaintiff holds Viles responsible for the Medical Department's alleged failure to treat him, "[t]hese types of allegations . . . are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the denial of care and either directed or acquiesced in it." *Graham*, 2022 WL 16949131, at *3 (citing *Diaz v. Warden Lewisburg USP*, 630 F. App'x 148, 151 (3d Cir. 2015) (per curiam) (prison officials who were administrators and who "are not themselves physicians" were not liable for deliberate indifference where plaintiff could not establish that their "involvement in the matter consisted of anything more than, at most, receiving letters from Diaz expressing his dissatisfaction with the medical care he was receiving")). In the absence of such facts, the Court will dismiss the Complaint for failure to state a claim.

As Plaintiff may be able to allege facts that address the deficiencies noted by the Court, the Court will grant Plaintiff leave to submit a proposed amended complaint. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* Any proposed amended complaint will be subject to this Court's § 1915 review prior to service.

## IV.  CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint without prejudice for failure to state a claim. Plaintiff may submit a proposed amended complaint within 30 days of this Opinion and Order.

An accompanying Order will be entered.

**3/9/2023**
Date

Evelyn Padin, U.S.D.J.